GERALDO ROBLES, c/p GERALDO CAMILO ROBLES, demandante y peticionario, *v.* HON. MERCEDES OTERO DE RAMOS, SUPERINTENDENTE INSTITUCIÓN, demandada y recurrida; JOSÉ A. VEGA PAGÁN, peticionario, *v.* DEBORAH GUTIÉRREZ, ETC., recurridas.

*Números:* CE-90-176    *Resueltos:* 6 de febrero de 1991
CE-90-243

---

*Víctor M. Padilla Santiago*, abogado del peticionario; *Jorge E. Pérez Díaz, Procurador General, Anabelle Rodríguez* y *Sylvia Cancio Bigas, Procuradoras Generales Auxiliares*, en escrito para mostrar causa.

*Carlos A. Torres Jiménez*, abogado del peticionario; *Jorge E. Pérez Díaz, Procurador General, Anabelle Rodríguez y Sylvia Cancio Bigas, Procuradoras Generales Auxiliares*, en escrito para mostrar causa.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Los recursos de epígrafe[1] plantean la interrogante de si los tribunales de instancia tienen facultad para determinar la paternidad de un menor dentro de una querella sobre *reclamación de alimentos* que ha sido radicada al amparo de las disposiciones de la Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos (en adelante Ley Uniforme de Reciprocidad de 1956), 32 L.P.R.A. sec. 3311 *et seq.*[2] en situaciones en que el menor no ha nacido vigente el matrimonio de sus padres o no ha sido reconocido por el querellado con anterioridad a la radicación de la querella o no ha recaído una sentencia judicial previa —civil o criminal—[3] declarando al querellado padre del menor.

---

[1] Los mismos fueron consolidados mediante Resolución que emitiéramos el 30 de marzo de 1990.

[2] Ley Núm. 71 de 20 de junio de 1956.

[3] Como es sabido, en adición al procedimiento judicial civil ordinario de la acción filiatoria, la paternidad de un menor puede ser adjudicada en nuestra jurisdicción dentro de un procedimiento criminal por incumplimiento de la obligación alimenticia. 33 L.P.R.A. sec. 4241; *Poll Sella v. Lugo Christian*, 107 D.P.R. 540 (1978); *Román v. Fattah*, 109 D.P.R. 493 (1980).

# I

A—*Robles v. Otero de Ramos* (CE-90-176)

El 16 de junio de 1988 la Sra. Marylin Sánchez, en representación de su hijo menor de edad Derek Sánchez, radicó ante la Corte Superior de Bridgeport, Condado de Fairfield, estado de Connecticut, Estados Unidos de América, una demanda en reclamación de alimentos contra el aquí peticionario Geraldo Camilo Robles, alegado padre del menor Derek Sánchez. Debido a que el peticionario Robles residía en Puerto Rico, el magistrado a cargo del caso ordenó la remisión de copia certificada de los autos del caso a la Oficina de Administración de Tribunales de Puerto Rico para que, conforme lo dispuesto en la antes citada Ley Uniforme de Reciprocidad de 1956, se presentara la correspondiente querella ante el tribunal con competencia en Puerto Rico.

A esos efectos, el 27 de julio de 1988 se presentó querella ante el Tribunal Superior de Puerto Rico, Sala de Aibonito, por el Fiscal del mencionado distrito judicial. El peticionario Robles hizo caso omiso de varias citaciones expedidas por el mencionado foro judicial respecto a la querella de alimentos radicada. El tribunal de instancia, sin haber celebrado vista, declaró con lugar la querella sobre reclamación de alimentos, imponiéndole a éste el pago de la suma mensual de $419 por concepto de pensión alimenticia. Dicha sentencia fue notificada con fecha de 4 de octubre de 1988.

Según surge de los autos del caso, Robles nunca cumplió con la pensión alimenticia impuesta por el tribunal. Varias fueron las notificaciones escritas que se enviaron sobre los pagos adeudados y las consecuencias de su incumplimiento; varias, en adición, fueron las citaciones que se expidieron para que mostrara causa por la cual el tribunal no debería de hallarlo incurso en desacato. No habiendo logrado la comparecencia del peticionario Robles,[4] el tribunal de instancia con fecha de 18 de julio de 1989 emitió

---

[4] Procede que se señale que el peticionario Robles nunca pudo ser citado personalmente. Las citaciones fueron "diligenciadas" por conducto de familiares de éste.

resolución y orden mediante la cual ordenó el arresto e ingreso del Peticionario en una institución penal hasta tanto satisficiera la suma de dinero "adeudada" por éste hasta ese momento por concepto de pensión alimenticia; esto es, la cantidad de $4,383.43.

Robles fue arrestado e ingresado en una institución penal. Con fecha de 24 de enero de 1990 radicó ante la Sala de Aibonito del Tribunal Superior de Puerto Rico una "Solicitud de auto de hábeas corpus" en la cual alegó, en síntesis, que su encarcelación era ilegal por razón de que él no tenía obligación alguna en ley de mantener al menor Derek Sánchez ya que él nunca había reconocido a dicho menor ni había sido declarado padre del mismo. El tribunal de instancia, mediante sentencia de fecha 26 de enero de 1990 y sin celebrar vista alguna, declaró sin lugar el recurso de hábeas corpus radicado. Inconforme, compareció Geraldo Camilo Robles el día 27 de febrero de 1990 ante este Tribunal mediante "Solicitud de apelación y/o *certiorari*".[5] Como expondremos en detalle más adelante, mediante Resolución de fecha 30 de marzo de 1990 le concedimos término al Procurador General de Puerto Rico para que mostrara causa por la cual dicha sentencia no debía ser revocada. En la Resolución que a esos efectos emitiéramos, y en auxilio de nuestra jurisdicción, le fijamos una fianza de $150 al

[5] En el recurso que radicara plantea:

"a) Erró el Honorable Tribunal al dictar sentencia en el caso RF-88-438, sin antes probar que el peticionario era el padre del menor ya que de la misma Querella, surge que el menor no tiene el apellido de él y sí el de la madre Marilyn Sánchez, y el nombre del menor es Derek Sánchez y que también el nombre del peticionario no estaba correcto en la Querella ni en las citaciones por lo que hay que concluir que la Querellante no tenía una información correcta del peticionario.

"b) Erró el Honorable Tribunal, al entender que porque en la Querella se le reclamaría alimentos al peticionario Jeraldo Robles, está obligado a alimentar el menor sin haberlo reconocido lo que es contrario al derecho Vigente de Puerto Rico, ya que tanto el Código Civil de Puerto Rico, como el Código Penal de Puerto Rico, tienen artículos para que se pruebe la paternidad del padre de un menor y luego se le imponga la pensión alimenticia.

"c) Erró el Honorable Tribunal, al declarar No Ha Lugar la Solicitud de Auto de H[á]beas Corpus, sin celebrar vista negándole al peticionario el derecho constitucional a una vista para probar que no ha reconocido al menor o sea el debido proceso de Ley.

"d) Erró el Honorable Tribunal al declarar No Ha Lugar la Moción Informativa y Solicitud de Rebaja de Pensión Alimenticia o Que Se Deje Sin Efecto, sin celebrar una vista negándole al peticionario el debido proceso de Ley y manteniéndolo encarcelado ilegalmente." Solicitud de apelación y/o *certiorari*, págs. 3-4.

peticionario Robles para que pudiera permanecer en libertad en lo que se dilucidaba y resolvía el recurso que radicara.

B—*Vega Pagán v. Gutiérrez* (CE-90-243)

El día 6 de marzo de 1985 la demandante recurrida Deborah Gutiérrez presentó, en representación de su hija Jazmine Darlene Gutiérrez, demanda en reclamación de alimentos contra el aquí peticionario José Arnaldo Vega Pagán ante la Corte de Relaciones de Familia del Condado de Philadelphia, estado de Pennsylvania, Estados Unidos de América. En vista de que Vega Pagán era residente de Puerto Rico, dicho tribunal dio traslado del asunto a la Oficina de Administración de los Tribunales en Puerto Rico para la acción correspondiente al amparo de las disposiciones de la citada Ley Uniforme de Reciprocidad de 1956. A esos efectos, el fiscal del distrito judicial de Guayama radicó la querella correspondiente ante el Tribunal Superior de Puerto Rico, Sala de Guayama.

Señalada vista por el tribunal de instancia, el peticionario Vega Pagán le informó a dicho foro que él nunca había reconocido a la menor en controversia como su hija. En adición, informó que el asunto era objeto de una demanda de filiación que ante dicho mismo foro ya había radicado la demandante Gutiérrez en el año 1983, de donde surgía que la menor había nacido vigente el matrimonio de la demandante Gutiérrez con el Sr. José Torres Arroyo.

En vista a ello, el tribunal de instancia con fecha de 30 de mayo de 1985 dictó sentencia declarando sin lugar la querella en reclamación de alimentos radicada al amparo de la Ley Uniforme de Reciprocidad de 1956. El tribunal de instancia en esa misma fecha, en adición, dictó sentencia en el caso de la demanda de filiación decretando el archivo, sin perjuicio, de la misma por razón de que la demandante Gutiérrez se encontraba fuera de Puerto Rico y se hacía imposible continuar adelante con el asunto.

Transcurridos cuatro años, el Tribunal Superior de Puerto Rico, Sala de Guayama, decidió reabrir, *motu proprio*, la querella en reclamación de alimentos que ante dicho foro había radicado la fiscalía en virtud de las disposiciones de la Ley Uniforme de

Reciprocidad de 1956. Luego de varios trámites procesales, los cuales incluyen la celebración de una vista en la cual la representación legal de ambas partes tuvieron la oportunidad de argumentar oralmente en favor de sus respectivas posiciones, el tribunal de instancia emitió resolución y orden. En la misma, en síntesis y en lo pertinente, dicho foro resolvió que tenía autoridad para continuar adelante con la reclamación de alimentos y que podía, dentro de dicha reclamación, hacer una determinación "previa" sobre la controversia de paternidad. A esos efectos, le concedió término "a la Procuradora de Relaciones de Familia" para que enmendara la querella radicada a los fines de incluir como parte al ex esposo de la demandante Gutiérrez, el Sr. José Torres Arroyo.

El peticionario Vega Pagán acudió, vía *certiorari*, ante este Tribunal imputándole error al foro de instancia al así actuar.[6] Mediante Resolución de fecha 30 de marzo de 1990, luego de consolidar los dos recursos, le concedimos término al Procurador General de Puerto Rico para que mostrara causa por la cual

. . . este Tribunal no deba expedir los autos de certiorari radicados y dictar sentencia revocatoria de la emitida en el caso CE–90–176 por el Tribunal Superior de Puerto Rico, Sala de Aibonito, mediante la cual dicho foro declaró sin lugar la solicitud de hábeas corpus que ante el mismo radicara el peticionario Jeraldo Robles c/p Geraldo Camilo Robles; y dictar sentencia revocatoria de la resolución y orden emitida en el caso CE–90–243 por el Tribunal Superior de Puerto Rico, Sala de Guayama, el día 27 de febrero de 1990. En específico, el Procurador General de Puerto Rico deberá ilustrar a este Tribunal en cuanto a la procedencia jurídica de una querella sobre reclamación de alimentos radicada al amparo de la Ley Núm. 71 de [20] de junio de 1956, según enmendada, (32 L.P.R.A. sec. 3311 y s.s.) en situaciones donde los hijos menores de edad a quienes se

---

(6)  En el recurso que radicara plantea:

Primer error: "Erró el Honorable Tribunal Superior, al dejar sin efecto su Resolución del 30 de mayo de 1985 declarando 'NO HA LUGAR' la querella de alimentos recíprocos en el caso que motiva este recurso, reconsiderando así su Resolución final y firme de 30 de mayo de 1985."

Segundo error: "Erró el Tribunal Superior, Sala de Guayama, al permitir que en un recurso especial de alimentos recíprocos se ventilen asuntos sobre impugnación de paternidad legítima y filiación forzosa de paternidad extramatrimonial." Petición de *certiorari*, pág. 4.

refiera la querella no han nacido vigente el matrimonio de sus padres o los mismos no han sido reconocidos por el querellado. En adición, el Procurador General deberá ilustrar al Tribunal sobre la interacción y aplicabilidad de la mencionada Ley 71 de 1956 con las disposiciones de la Ley Núm. 49 de [29] de septiembre de 1949 (32 L.P.R.A. secs. 3331 y 3332).

El Procurador General de Puerto Rico ha comparecido en cumplimiento de dicha Resolución mediante la radicación de una ilustrativa y bien fundamentada comparecencia. Resolvemos.

## II

■ De entrada, resulta necesario señalar que la justa y correcta solución de la interrogante planteada hace necesario el examen e interpretación de tres estatutos que el legislador ha tenido a bien promulgar en defensa de los seres más indefensos de nuestra sociedad, los niños menores de edad. Al hacerlo mantenemos presente que es nuestra obligación "'armonizar hasta donde sea posible todas las disposiciones de ley envueltas con miras a lograr un resultado sensato, lógico y razonable que represente la intención del legislador . . .'". *Fernández v. Srio. de Hacienda,* 122 D.P.R. 636, 647 (1988); *Andino v. Fajardo Sugar Co.,* 82 D.P.R. 84 (1961).

■ 1. *La Ley Núm. 49 de 29 de septiembre de 1949* [7]
Mediante la citada Ley Núm. 49 (32 L.P.R.A secs. 3331 y 3332), la cual consta de dos artículos solamente, [8] el legislador tomó la iniciativa de conferirle facultad a los tribunales de instancia en nuestra jurisdicción para "obligar a la manutención

---

[7]   La Ley Núm. 49 de 29 de septiembre de 1949 no tiene, como tal, "título". Ello no obstante, se hizo constar en la misma que el propósito del estatuto es: "Conferir Jurisdicción y Poderes Adicionales a los Tribunales y las Cortes de Distrito, las Cortes para Niños y las Cortes Municipales de Puerto Rico en ciertos Procedimientos sobre Reclamaciones de Alimentos". 32 L.P.R.A. secs. 3331 y 3332.

[8]   Estas secciones del Código de Enjuiciamiento Civil *no* fueron expresamente derogadas por la Regla 72 de las originales Reglas de Procedimiento Civil de 1958. Aspectos "formales" de las mismas fueron enmendados por la Ley Núm. 11 de 24 de julio de 1952 (4 L.P.R.A. sec. 1 *et seq.*) y por la Ley Núm. 113 de 25 de abril de 1950 (32 L.P.R.A. sec. 3331).

de un hijo pobre que resida en los límites territoriales del tribunal en cualquier caso en que la persona legalmente responsable de tal manutención resida en un estado o territorio de los Estados Unidos que tenga leyes sustancialmente similares o recíprocas"; estableciendo, en adición, el procedimiento a seguir una vez radicada la petición de alimentos ante la corte local. 32 L.P.R.A. sec. 3331(1).

◼ De la misma manera, mediante la referida Ley Núm. 49 se le otorgó poder a los tribunales locales a ordenar el pago de pensiones alimenticias en aquellos casos en que el menor de edad residiera en cualquier estado o territorio de los Estados Unidos y radicare allí una reclamación de alimentos por sí mismo, o por conducto de un abogado o funcionario de tal estado o territorio, contra la persona legalmente responsable de proveer tales alimentos que fuera residente de Puerto Rico; confiriéndole autoridad al "fiscal del distrito" para iniciar y tramitar la querella correspondiente. 32 L.P.R.A. sec. 3331(2).

◼ De particular importancia para la controversia ante nuestra consideración resulta ser lo dispuesto por el segundo artículo de la citada Ley Núm. 49 (32 L.P.R.A. sec. 3332). Mediante el mismo expresamente se estableció que las disposiciones de la Ley Núm. 49, ante, "no tendrán aplicación en aquellos casos en que la paternidad no haya sido previamente establecida". Dicho de otra forma, en aquellos casos en que el menor no hubiera nacido vigente el matrimonio de sus padres, o no hubiera sido reconocido por el querellado, o no hubiera sido declarado hijo de éste en un procedimiento judicial anterior, el tribunal estaba impedido de continuar adelante con el procedimiento de alimentos recíprocos establecido por la Ley Núm. 49, ante.

■ 2. *La Ley Núm. 71 de 20 de junio de 1956 (Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos)*(⁹)

■ Siete años más tarde, y con el firme propósito de "mejorar y extender, por medio de legislación de reciprocidad, la ejecución de las obligaciones sobre alimentos y hacer uniforme la ley a ese respecto", 32 L.P.R.A. sec. 3311, la Asamblea Legislativa promulga la referida Ley Núm. 71 de 1956. Según su historial legislativo, esta medida constituyó un esfuerzo del legislador por proveer una ley moderna y uniforme sobre reclamaciones de alimentos entre las jurisdicciones estatales de los Estados Unidos y el Estado Libre Asociado de Puerto Rico. Véase Informe de la Comisión de lo Jurídico sobre el P. de la C. 1427, 8 Diario de Sesiones de la Asamblea Legislativa (Senado), Parte II, pág. 591 (1956).

■ En la consecución de esos fines, la Ley Núm. 71 de 1956, ante, estableció un procedimiento encaminado a acelerar las reclamaciones de alimentos para beneficio de los alimentistas. La misma es de aplicación, al igual que la Ley Núm. 49 de 1949, ante, a todos aquellos casos en que el alimentante resida en Puerto Rico y el alimentista en alguno de los estados o territorios de los Estados Unidos *y viceversa.*

■ La referida Ley Núm. 71 de 1956, *contrario a la citada Ley Núm. 49 de 1949,* guardó silencio en torno a si sus disposiciones eran de aplicación a aquellos casos en que el menor no había nacido vigente el matrimonio de sus padres, o no había sido reconocido por el querellado, o no había sido declarado hijo de éste anteriormente por tribunal competente. Es decir, nada se dispuso expresamente sobre si los tribunales podían hacer, o no, determinaciones sobre la paternidad de los menores dentro del procedimiento de reclamación de alimentos.

---

(⁹) 32 L.P.R.A. sec. 3311 y ss. Esta ley tampoco fue expresamente derogada por la Regla 72 de las originales Reglas de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. II). La misma, como veremos más adelante, fue sustancialmente enmendada en el año 1986.

■ Si se hizo constar en la referida Ley Núm. 71 de 1956 que los remedios en ella provistos eran "en adición a los ya existentes y no en sustitución de éstos", 32 L.P.R.A. sec. 3311b, disposición que obviamente se refiere a la Ley Núm. 49 de 1949, ante. En vista de ello —y de que como expresáramos anteriormente que la citada Ley Núm. 49 exceptuaba expresamente de su aplicación aquellos casos en que la paternidad no había sido previamente establecida y que dicha Ley Núm. 49 no había sido expresamente derogada— los tribunales de instancia "adoptaron" la práctica de abstenerse de entender en querellas bajo la referida Ley Núm. 71 de 1956 en las cuales la paternidad de los menores estuviera en controversia.

3. *La Ley Núm. 5 de 30 de diciembre de 1986 (Ley Especial de Sustento de Menores)*(10)

■ Mediante la llamada Ley Especial de Sustento de Menores el legislador, en adición a establecer un "procedimiento expedito" para acelerar y agilizar las reclamaciones sobre alimentos, enmendó la citada Ley Núm. 71 de 1956, haciendo más abarcadora a ésta, y fortaleciendo la misma con el propósito de facilitar el procedimiento de determinación, recaudación y distribución de las pensiones alimenticias que se tramitan mediante el procedimiento de alimentos recíprocos. Véase Exposición de Motivos, Ley Núm. 5 de 30 de diciembre de 1986, Leyes de Puerto Rico, pág. 750.

■ La Sec. 37 de la citada Ley Núm. 71 de 1956, *luego de la enmienda de que fue objeto por la referida Ley Núm. 5 de 1986*, faculta al tribunal para hacer "determinaciones sobre la paternidad del alimentista, *conforme se provee en las secs. 512 y 517 del Título 8, parte de la Ley Especial de Sustento de Menores*". (Énfasis suplido.) 32 L.P.R.A. sec. 3313bb (Sup. 1989).

■ Establece, por su parte, la mencionada Sec. 512 del Título 8 de L.P.R.A., *en lo pertinente*, que el "examinador" que

_____

(10) 8 L.P.R.A. sec. 501 y ss.

crea la Ley Especial de Sustento de Menores, ante —el cual tiene facultad para hacer determinaciones de hecho y conclusiones de derecho y hacer recomendaciones al tribunal— *tendrá autoridad para "[a]ceptar el reconocimiento voluntario de la paternidad del alimentista hecho por el demandado o promovido bajo juramento*, así como el reconocimiento voluntario de la obligación de alimentar y las estipulaciones o acuerdos que establecen el monto de las pensiones alimenticias a pagarse", (énfasis suplido) 8 L.P.R.A. sec. 512(2)(b), *mas no para* "considerar *controversias contenciosas sobre la paternidad*, custodia, o patria potestad, las relaciones paterno o materno filiales o sobre cualesquiera otras controversias complejas", (énfasis suplido) 8 L.P.R.A. sec. 512(2)(e).

█ Como si ello no estuviere lo suficientemente claro, a esos mismos efectos dispone la citada Sec. 517 del Título 8 de L.P.R.A., en sus incisos (3)(a) y (3)(b), que:

> (3)(a) Cuando haya reconocimiento voluntario de paternidad el Examinador recomendará se dicte una sentencia a esos fines estableciendo la paternidad del alimentista, así como el monto de la pensión alimenticia a ser fijada.
>
> (b) *El Examinador no tendrá autoridad para determinar la controversia de la paternidad en aquellos casos en que el promovido niegue la paternidad,* o se le anote la rebeldía por incomparecencia, luego que el Tribunal ha adquirido jurisdicción sobre su persona, o cuando se impugne el reconocimiento de la paternidad. Estos casos serán referidos por el Examinador para el trámite judicial ordinario.
>
> *Los casos en que la determinación de la paternidad del menor está en controversia se exceptúan de la aplicación de las disposiciones sobre procedimiento expedito.* (Énfasis suplido.)

### III

█ Los peticionarios sostienen la posición de que, bajo la legislación antes reseñada, una vez el querellado demuestra a satisfacción del tribunal la existencia de controversia sobre la paternidad del niño, el tribunal viene obligado a *desestimar* la

querella en reclamación de alimentos radicada al amparo de las disposiciones de la citada Ley Núm. 71 de 1956. En otras palabras, entienden que nuestros tribunales de instancia *únicamente* pueden actuar al amparo de las disposiciones de la mencionada Ley Núm. 71 cuando la paternidad del niño para el cual se reclaman dichos alimentos *no* esté en controversia; ya porque dicho niño hubiese nacido vigente el matrimonio de los padres, ya por razón de haber sido anteriormente reconocido por el querellado, ya por el fundamento de haber sido declarado hijo de éste por tribunal competente, ya porque el querellado, al ser citado bajo las disposiciones de la mencionada Ley Núm. 71, voluntariamente reconoce al niño como su hijo. *Les asiste la razón.* Sostener lo contrario constituiría un ejercicio legislativo por parte del foro judicial por cuanto, como pudimos notar, la citada legislación expresamente prohíbe que los tribunales entren a considerar controversias de índole filiatoria al amparo de la misma.

■ El Procurador General de Puerto Rico, no obstante aceptar en su fundamentada comparecencia que esa posición es una que resulta ser correcta a la luz de un análisis de la legislación antes reseñada, *nos "invita" a que* —"en aras de la economía procesal, y tomando en consideración el alto interés del Estado en que tanto las controversias paterno-filiales como las cuestiones sobre alimentos de menores sean resueltas prontamente para beneficio de los menores abandonados" (Escrito para mostrar causa, pág. 14)— *consideremos la adopción de una. alternativa intermedia*: la de que en lugar de que se decrete la desestimación del procedimiento de alimentos incoado, *se ordene la paralización de la determinación sobre alimentos en lo que se dilucida la controversia sobre la paternidad en un procedimiento civil sui géneris de filiación.*[11]

---

[11] En apoyo de su "sugerencia", el Procurador General llama nuestra atención hacia las disposiciones de la Regla 14.2 de las Reglas de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), la cual dispone que:

◼ No hay duda alguna respecto al hecho de que los casos de alimentos de menores, así como los que plantean controversias paterno-filiales, están revestidos del más alto interés público. Así lo hemos resuelto en reiteradas ocasiones. *López v. Rodríguez*, 121 D.P.R. 23 (1988); *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 60 (1988); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986); *Robles López v. Guevarez Santos*, 109 D.P.R. 563 (1980).

◼ Ello no obstante y aun cuando, de primera intención, la alternativa propuesta por el Procurador General parece ser una altamente meritoria, un examen detenido de la misma revela múltiples razones por las cuales nos vemos obligados a rechazar dicha alternativa o curso de acción. En primer lugar, resulta relevante destacar el hecho de que toda la legislación referente a la reclamación de alimentos recíprocos vigente en las distintas jurisdicciones estatales norteamericanas —la nuestra, inclusive— se apuntala en, o parte de la premisa de, que el querellado o demandado efectivamente es el padre del menor para el cual se reclaman los alimentos. Véanse 32 L.P.R.A. secs. 3311a(6) y 3332; 32 L.P.R.A. sec. 3313bb; 8 L.P.R.A. secs. 512 y 517. Sólo así se justifica, y sostiene, el procedimiento sumario ex parte que se establece en dicha legislación para el cobro de dichos alimentos; el cual se inicia, y se le da curso, con la mera cumplimentación, y radicación, de una querella ante tribunal competente.

◼ En segundo lugar, no puede perderse de vista que las reclamaciones de alimentos recíprocos que se radican ante los tribunales de instancia, bajo la citada Ley Núm. 71 de 1956, precisamente provienen de niños, y sus respectivas madres, que residen de ordinario *en forma permanente* fuera de Puerto Rico; promoventes que, naturalmente, han demostrado interés en la radicación del procedimiento *ex parte* sumario de reclamación de

---

"Cuando se tratare de una reclamación que dependa para su ejercicio de que otra reclamación sea proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en el mismo pleito. *El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal.*" (Énfasis suplido.)

alimentos pero que no necesariamente pueden tener interés en verse envueltos en un dificultoso, complejo y contencioso litigio de filiación. La adopción, *como norma*, de la alternativa propuesta por el Procurador General seguramente desembocará en la congestión de los calendarios de los tribunales de instancia con un sinnúmero de casos en que la "parte demandante" —la cual, a pesar de haberse "sometido" a la jurisdicción del tribunal, reside fuera de los límites territoriales de Puerto Rico— no tenga genuino interés o deseo de cooperar en el procedimiento de filiación decretado. Aún en aquellas situaciones en que dicha parte efectivamente sí tenga ese interés y deseo de cooperación, fácil es imaginar los problemas, de índole práctico, que pueden surgir en esta clase de situaciones. Meramente, a manera de ejemplo, señalamos las dificultades inherentes, por razón de los domicilios distintos de las partes, respecto a la utilización, y realización, de los mecanismos de descubrimiento de prueba, exámenes de serología,(12) etc.; *procedimientos que el debido proceso de ley le garantiza al demandado.* No debe olvidarse, por otro lado, que las dificultades resultantes de llevar a feliz término dichos procedimientos son unas con las cuales tendrían que lidiar no sólo los tribunales de instancia sino que los funcionarios correspondientes del Departamento de Justicia que, bajo el esquema propuesto por el Procurador General, actuarían como representantes legales de los "demandantes".

Por último, somos del criterio que la propuesta alternativa del Procurador General —*vis-à-vis*, la desestimación *sin* perjuicio de la querella en reclamación de alimentos recíprocos y la posterior y voluntaria radicación de una demanda civil ordinaria de filiación— necesariamente no resulta en una notable "economía procesal" ni en la "aceleración", en forma significativa, de los procedimientos. Ello así por cuanto, de todas maneras, la querella en solicitud de alimentos originalmente radicada tendría que obligatoriamente ser adecuadamente enmendada y nuevamente

---

(12) La simple coordinación de un examen de esta naturaleza —y la garantía de confiabilidad de las muestras tomadas y el resultado del mismo— pueden convertirse en un obstáculo insalvable.

notificada al "demandado". Dicha situación, a nuestra manera de ver las cosas, requeriría el mismo esfuerzo y tiempo que la radicación separada posterior de una demanda civil ordinaria de filiación.

■ No creemos, en resumen, que la alternativa que propone el Procurador General de Puerto Rico en su comparecencia sea una conducente, o ayude, a una eficiente y sana administración de la justicia. Resolvemos, en consecuencia, que cuando nuestros tribunales de instancia se enfrenten —en relación a un procedimiento de reclamación de alimentos recíprocos incoado bajo las disposiciones de la Ley Núm. 71 de 20 de junio de 1956, según enmendada, ante— a la situación en que la paternidad del menor es objeto de controversia, dichos foros deberán decretar la desestimación, sin perjuicio, de la referida querella. *La parte promovente siempre podrá, mediante la radicación de una demanda civil ordinaria de filiación, vindicar sus derechos.*

## IV

Independientemente de la existencia de otros posibles fundamentos, lo expuesto dispone, naturalmente, de los dos recursos ante nuestra consideración. Como surge de la relación de hechos que hiciéramos al comienzo de la ponencia, en ambos casos la paternidad de los menores de edad, para los cuales se reclaman alimentos, efectivamente está en controversia. En consecuencia, y acorde con lo antes expuesto, los tribunales de instancia cometieron error al originalmente no ordenar la desestimación, sin perjuicio, de las querellas en reclamación de alimentos radicadas, en ambos casos, al amparo de las disposiciones de la citada Ley Núm. 71 de 10 de junio de 1956.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurre con el resultado sin opinión escrita.