Hernández Torres, Juez Ponente
*827 TEXTO COMPLETO DE LA SENTENCIA
El señor Edgardo Castillo Volckers solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que determina que el recurrente debe la suma de $11,563.00 en concepto de matrículas de una hija y ordena el pago de dicha cantidad, más el 8.75% como interés legal, además del pago de $1,000.00 por concepto de honorarios de abogado.
El recurrente alega que el tribunal a quo erró: (1) al determinar que el acuerdo al que llegaron las partes de epígrafe en la vista celebrada el 24 de noviembre de 1997, no era un contrato de transacción y que el mismo fue dejado sin efecto validamente; (2) al determinar, sin prueba que lo sustente, que la recurrida puede hacer la reclamación de gastos de matrícula de su hija mayor de edad sin haber cumplido con los requisitos establecidos por el Tribunal Supremo en la Opinión de Ríos v. Vidal, Op. 30 de junio de 1993, 93 J.T.S. 113; (3) al declarar incurso en desacato al recurrente; y (4) al establecer una deuda distinta a lo acordado en la vista celebrada el 24 de noviembre de 1997.
Luego de hacer un análisis de los hechos del caso, las leyes y la jurisprudencia aplicable procedemos a expedir el auto solicitado y confirmar la resolución recurrida.
I
El 20 de diciembre de 1991, el Tribunal de Primera Instancia emitió sentencia de divorcio en la que acogió las estipulaciones hechas entre el señor Edgardo Castillo Volkers y la señora Noemí Bigas Valladares incorporando las mismas a la sentencia de divorcio. En dicha sentencia el juez de instancia estableció que:

“La parte demandante [recurrente] satisfacerá en concepto de pensión aliment[aria] para beneficio de los cinco (5) hijos procreados en el matrimonio la cantidad de $4,500.00 mensuales, a ser entregados directamente a la demandada... [Además] el demandante pagará todos los años las matrículas de los cinco (5) hijos, incluyendo las matrículas de los hijos universitarios cuando éstos comiencen sus estudios universitarios. ”

Entre las estipulaciones suscritas entre las partes, sometidas y aprobadas por el Tribunal de Primera Instancia, se incluyó la siguiente:

“Las partes estipulan una pensión aliment[aria] de Cuatro Mil Quinientos Dólares ($4,500.00) mensuales... Además la parte demandante [recurrente] se obliga a pagar la matrícula escolar de sus hijos que estén estudiando en colegio privado y en la Universidad y no podrá reducir la pensión mientras los hijos estén estudiando la profesión que han decidido estudiar... ”.

Así las cosas, en el 1995, la parte recurrida acudió al Tribunal de Primera Instancia y solicitó que se le ordenara al recurrente pagar la matrícula universitaria de una de las hijas, llamada Natalie, que estudiaba en una universidad norteamericana. Luego de varios trámites procesales, el 24 de noviembre de 1997, el Tribunal de Primera Instancia celebró una vista en la cual el recurrente reconoció una deuda de $6,693.50 por concepto de la matrícula universitaria de Natalie. Además, se comprometió a pagar la mitad de los gastos de matrícula de dicha *828 hija. El Tribunal aprobó dicho acuerdo; sin embargo, luego de ser aprobado, el recurrente solicitó un plan de pago, aspecto sobre el cual no existía acuerdo entre las partes. La recurrida se opuso al plan de pago. El Tribunal rechazó el acuerdo entre las partes y declaró incurso en desacato al recurrente.
La parte recurrente argüyó que no era posible que éste fuera declarado incurso en desacato, toda vez que las partes habían estado en conversaciones, dando cumplimiento a diversas órdenes del Tribunal, para llegar a un acuerdo sobre la cantidad a ser satisfecha por el recurrente, siendo precisamente el resultado de las conversaciones, lo que las partes estaban informando al Tribunal. El recurrente añadió que no existía orden alguna del Tribunal que lo obligara a satisfacer determinada cantidad, por lo que era imposible que estuviera desacatando una orden.
Así las cosas y luego de celebrada una vista, el tribunal recurrido determinó la inexistencia de una estipulación con respecto a la deuda por concepto de matrículas y que el recurrente había incumplido con su obligación de pagar los gastos de matrícula de su hija, según el decreto judicial vigente en ese momento. Por consiguiente, ordenó al recurrente pagar la mitad de los gastos de matrícula pagados por la recurrida, más el interés legal y honorarios de abogados. El tribunal a quo estableció un plan de pago para satisfacer lo adeudado.
II
En nuestra jurisdicción, el Código Civil de Puerto Rico, 31 L.P.R.A. secs. 561 y ss., y la Ley Especial de Sustento de Menores, según enmendada, 8 L.P.R.A. see. 501 y ss., son las fuentes de la obligación alimentaria. De ahí, que la obligación que tienen los padres de alimentar a sus hijos sea una obligación primordial y que su cumplimiento se exija con el mayor rigor. Soto Cabral v. Estado Libre Asociado de P.R. y Universidad de P.R., Op. 21 de abril de 1995, 95 J.T.S. 49, a la pág. 818.
El Artículo 142 del Código Civil, 31 L.P.R.A. sec. 561, define alimentos como todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia, incluyendo la educación e instrucción del alimentista cuando es menor de edad. El Código Civil impone la obligación de alimentar a los hijos no emancipados, tanto al padre como a la madre. Artículo 145, 31 L.P.R.A. sec. 564.
En el caso de autos, la pensión alimentaria fue determinada por estipulación entre las partes y presentada al tribunal para su aprobación como parte de la solicitud de divorcio. Al ser aceptada dicha estipulación por el tribunal, la misma se convirtió en un contrato de transacción que obliga a las partes. Artículo 1709 del Código Civil, 31 L.P.R.A. sec. 4821, Magee v. Alberro, 126 D.P.R. 228, 232 (1990); Negrón Rivera y Bonilla, Ex-Parte, 120 D.P.R. 61, 74 (1987); Canino v. Bellaflores, 78 D.P.R. 778, 779 (1955).
No obstante, la estipulación referente a pensiones alimentarias se rige por principios distintos y, por tal razón, no puede decirse que una estipulación sobre alimentos constituye cosa juzgada. Negrón Rivera y Bonilla, Ex parte, supra, a la pág. 74. Sobre este aspecto, el Tribunal Supremo de Puerto Rico ha explicado que en lo que respecta a estipulaciones sobre alimentos de menores:
"... el juez tiene el deber de asegurarse [de] que lo acordado no es dañino para los menores. Esto implica que lo estipulado satisfaga adecuadamente las necesidades de los menores y que el alimentante tiene medios económicos suficientes para cumplir con lo acordado. ” Negrón Rivera y Bonilla, Ex parte, supra, a la pág. 76.
Por lo tanto, una vez el tribunal de primera instancia aprueba la estipulación, luego de la correspondiente evaluación y de concluir que la misma satisface estos criterios y que es, además, conveniente a los intereses de las menores y de las partes, tal estipulación es tan vinculante como cualquier otra. Rodríguez Rosado v. Zayas Martínez, Op. 21 de mayo de 1993, 93 J.T.S. 75.
*829 En el caso de que una parte desee la modificación de una pensión alimentaria acordada como parte de una estipulación presentada y aprobada por el tribunal, el Tribunal Supremo de Puerto Rico ha establecido que la misma sólo procederá “cuando exista un cambio sustancial en las circunstancias que dieron lugar u originaron el mismo y que no basta cualquier cambio en las circunstancias; éste tiene que ser sustancial. ” Negrón Rivera y Bonilla, Ex parte, supra, a las págs. 77-78; Figueroa Hernández v. Del Rosario Cervoni, Op. 23 de noviembre de 1998, 98 J.T.S. 151, a las págs. 343-344.
De igual modo, en Valencia, Ex parte, 116 D.P.R. 909, 913 (1986), el Tribunal Supremo resolvió que una modificación de un convenio, relativo a la pensión alimentaria de hijos menores, sólo procede, si, a la luz de la nueva prueba presentada por el peticionario, se demuestra que éste ha sufrido cambios que afecten su capacidad para proveer alimentos. Quiere decir, que una estipulación aprobada por el Tribunal podrá ser variada únicamente ante un cambio sustancial de las circunstancias de los alimentantes o de los alimentistas, pero no ante un cambio de opinión del alimentante en cuanto a si debió haber hecho tal estipulación o no, si entiende que la estipulación no es clara o que no le conviene.
Al analizar los hechos del caso que nos ocupa, surge claramente que los gastos de educación de los hijos de las partes de epígrafe fueron objeto de transacción y negociación entre las partes. Es por tal razón, que constituido un contrato de transacción, ambos están obligados a cumplir, ya que una estipulación suscrita por las partes y aceptada por el tribunal constituye un contrato de transacción que obliga. Artículo 1709 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4821, Negrón Rivera y Bonilla, Ex parte, supra, a la pág. 74.
Del expediente que obra en autos, surge claramente que el acuerdo al que llegaron las partes en la vista del 24 de noviembre de 1997 no fue finalmente aprobado por el tribunal recurrido. Por lo tanto, entre las partes de epígrafe, rigen las estipulaciones y lo determinado por la sentencia de divorcio del 20 de diciembre de 1991 hasta tanto el tribunal disponga otra cosa.
Este Tribunal cree firmemente en la disposición del Código Civil que establece que la obligación de dar alimentos, cuando recae entre dos o más personas, debe repartirse entre los alimentantes, el pago de la pensión en cantidad proporcional a sus respectivos caudales. López v. Rodríguez, supra, a la pág. 29; Vega v. Vega Oliver, 85 D.P.R. 665, 679-680 (1962). Quiere decir, la cuantía de los alimentos debe fijarse de forma proporcionada, no sólo a las necesidades del alimentista, sino también a los recursos que el alimentante tiene a su disposición. 31 L.P.R.A. sec. 565; Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616, 621 (1986). Véase, además, 8 L.P.R.A. sec. 518.
Entendemos que la determinación del tribunal recurrido en cuanto a ordenar al recurrido el pago de la mitad de la matrícula universitaria de su hija Natalie, responde al articulado anterior y a la jurisprudencia vigente. El Tribunal de Primera Instancia no erró al determinar que el acuerdo al que llegaron las partes de epígrafe en la vista del 24 de noviembre de 1997, no consistió en un contrato de transacción, tampoco al determinar que el recurrente adeuda el pago de matrícula de los estudios universitarios de su hija Natalie y mucho menos erró al encontrarlo en desacato, ya que efectivamente estaba incumpliendo lo establecido en la sentencia de divorcio.
Los casos relacionados con alimentos de menores están revestidos del más alto interés público. Ríos Rosario v. Vidal Ramos, Op. 30 de junio de 1993, 93 J.T.S. 113, a la pág. 1095; Robles v. Otero Ramos, 127 D.P.R. 911, 928 (1991); López v. Rodríguez 121 D.P.R. 23, 28 (1988); Negrón Rivera y Bonilla, Ex parte, supra, a la pág.71.
Por otro lado, debemos recordar que la jurisprudencia puertorriqueña establece que “el deber legal de todo padre o madre de proveer los medios económicos necesarios para la educación de un hijo [...] no puede cesar ipso facto meramente por el hecho de que el hijo haya alcanzado su mayoría de edad. ” Key Nieves v. Oyola *830 Nieves, 116 D.P.R. 261, 265 (1985).
En Guadalupe Viera v. Morell, 115 D.P.R. 4 (1983), el Tribunal Supremo sostuvo que, bajo circunstancias normales, cuando un hijo “se ha iniciado en un oficio o carrera durante la minoridad, tiene derecho a exigir que el alimentante le provea los medios para terminarlo, aún después de haber llegado a la mayoridad”. Guadalupe Viera v. Morell, supra, a la pág. 14. Más aún, el Tribunal indica que un alimentante no puede escoger, a su propio arbitrio, la manera cómo se ha de distribuir entre sus hijos la pensión impuesta, ni puede, a su discreción, decidir la manera de satisfacerla.
En cuanto al error que aduce el recurrente que cometió el tribunal a quo sobre la prueba que debe presentar la recurrida para lograr el pago de la deuda, entendemos que el mismo no se cometió.
El Tribunal Supremo estableció en Ríos v. Vidal, supra, que al amparo de las disposiciones del artículo 1112 del Código Civil, 31 L.P.R.A. sec. 3162, la recurrida debe demostrar, mediante prueba preponderante, la existencia de una deuda por parte del recurrente para con su persona y que sólo en tal caso podrá repetir del deudor aquello en que le hubiera sido útil el pago.
De los documentos que obran en autos, resulta claro cuál fue el monto de las matrículas no pagadas por el recurrente y asumidas por la recurrida. Además, de que un tribunal apelativo sólo intervendrá con las determinaciones de hechos y adjudicación de credibilidad que hizo el tribunal de instancia cuando, además de ser manifiestamente errónea, atenta contra una política pública diseñada en un estatuto. Oliveras v. Universal Insurance Co., Op. 7 de noviembre de 1996, 96 J.T.S. 145, a la pág. 298. En ausencia de pasión, prejuicio o error manifiesto, los tribunales apelativos no intervienen con la apreciación de la prueba. Méndez Rodríguez v. Morales Molina, Op. 15 de noviembre de 1996, 96 J.T.S. 149, a la pág. 347.
III
Por los fundamentos antes expuestos, expedimos el auto y confirmamos la sentencia emitida por el Tribunal de Primera Instancia en el caso de epígrafe. El recurrente deberá satisfacer la suma establecida por el tribunal a quo en los términos dispuestos por dicho tribunal en su sentencia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General