PEDRO JUAN ROSALY, demandante y recurrido, *v.* PEDRO J. RULLÁN, demandado y recurrente.

*Número:* 12,787    *Resuelto:* 14 de diciembre de 1962

*Charles R. Cuprill,* abogado del recurrente; *Carlos J. Irizarry Yunqué,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La ilustrada Sala de Ponce del Tribunal Superior de Puerto Rico dictó sentencia en este caso ordenándole a Pedro J. Rullán pasarle los alimentos a su hijo Pedro Juan Rosaly, quien compareció representado por su madre Crescencia Rosaly Torres. La prueba estableció que allá por el mes de octubre o noviembre de 1939, Pedro J. Rullán, mientras era soltero, empezó a tener relaciones sexuales con Crescencia Rosaly Torres, quien era viuda, de cuyas relaciones sexuales nació Pedro Juan Rosaly el 14 de noviembre de 1940. La demanda sobre alimentos exclusivamente se presentó el 21 de junio de 1957 y la sentencia, declarando con lugar la demanda, se dictó el 11 de diciembre de 1957.

En su recurso ante nos, el demandado recurrente Pedro

J. Rullán, alega dos errores: (1) al resolver que Pedro Juan Rosaly es hijo del demandado Pedro J. Rullán y (2) que las conclusiones de derecho del Tribunal no tienen base en la prueba ofrecida y admitida ni en la Ley. ■

1-2. La discusión de los dos errores podría sintetizarse en la siguiente forma: No habiéndose probado, de acuerdo con el Art. 129 del Código Civil de Puerto Rico, la existencia de ninguna sentencia firme dictada en un proceso criminal o civil de la cual pueda inferirse la paternidad, ni ningún documento indubitado del padre en que expresamente reconozca la filiación, y no habiéndose establecido la condición de hijo natural por ninguna de las causas establecidas por el Art. 125 del Código Civil de Puerto Rico, la mera declaración de la paternidad de Pedro J. Rullán en cuanto a su hijo natural Pedro Juan Rosaly, no le da derecho al hijo a recibir alimentos, o sea, el hijo no tiene derecho a recibir alimentos hasta que no establezca previamente su filiación ilegítima o natural.

El derecho de un hijo natural a exigir alimentos de su padre tan pronto queda establecido el hecho de la paternidad, sin tener que establecer previamente su filiación como tal hijo natural, está tan claramente dilucidado por nuestra jurisprudencia, que sólo es necesario referirnos al caso de *Pueblo* v. *Rodríguez*, 67 D.P.R. 735 (Marrero) (1947), cita precisa a las págs. 738-739 para contestar el argumento, en ese sentido, del recurrente. No cometió error la ilustrada Sala sentenciadora al aplicar el Art. 143 del Código Civil de Puerto Rico, (1930) según quedó enmendado por la Ley Núm. 449 de 1947.

*La sentencia debe ser confirmada.*