EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* RAFAEL VÉLEZ VÉLEZ, acusado y recurrente.

*Número:* O-68-7     *Resuelto:* 31 de marzo de 1969

*Luis A. Archilla Laugier,* abogado del recurrente; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El peticionario fue sentenciado por la Sala de Vega Baja del Tribunal de Distrito, a cumplir un año de cárcel luego de declararle culpable de infringir el Art. 263 del Código Penal, consistente en haber dejado de proveerle el indispensable alimento, vestuario y asistencia médica a su hija menor de edad, no reconocida, Ada Nivia Otero, cuya paternidad negó.

En un juicio de novo el Tribunal Superior, Sala de Bayamón, dictó sentencia decretando que dicha Ada Nivia Otero es hija del peticionario y condenándole a sufrir dos meses de cárcel. Esta sentencia fue suspendida a condición de que el acusado pasase a su indicada hija la cantidad de $45.00 mensuales.

En este recurso el peticionario alega (1) que la Ley Núm. 10 de 16 de mayo de 1966, enmendatoria del Art. 263 del Código Penal, es inconstitucional porque (a) niega al peticionario la igual protección de las leyes y (b) porque viola la Sec. 17 del Art. 3 de la Constitución del Estado Libre Asociado de Puerto Rico ya que contiene más de un asunto y cambia el propósito original del proyecto original e incorpora materias extrañas al mismo, y (2) porque no hubo prueba del abandono.

█ El Art. 263 del Código Penal, según fue enmendado por la Ley Núm. 10 de 16 de mayo de 1966, ([1]) no niega al

---

([1]) Copiamos el texto íntegro de dicha Ley Núm. 10:

"Sección 1.—Se enmienda el Artículo 263 del Código Penal, para que se lea como sigue:

"Artículo 263. (a) Todo padre o madre que voluntariamente y sin excusa legal dejare de cumplir con la obligación que la ley le impone de proveerles alimentos a sus hijos, incurrirá en delito menos grave.

"(b) Cuando la paternidad se acepte por el denunciado ante el Tri-

acusado y aquí peticionario la igual protección de las leyes.

Dicho artículo define en su apartado (a) el delito menos grave de abandono de menores. En su apartado (c) establece el procedimiento cuando el acusado niega la paternidad disponiendo que "el Tribunal dará un plazo de no más de diez (10) días al acusado para que conteste la alegación al

bunal antes de comenzar el juicio, o cuando no esté en controversia, se celebrará el juicio, y de resultar el denunciado culpable de abandono, el Tribunal fijará mediante resolución una suma razonable por concepto de alimentos, apercibiendo al acusado que el incumplimiento de dicha resolución, sin excusa legal, podrá ser castigado como un desacato civil.

"(c) Cuando se niegue la paternidad, el Tribunal dará un plazo de no más de diez (10) días al acusado para que conteste la alegación al efecto, e inmediatamente celebrará un juicio en el cual se seguirán las reglas para la presentación de evidencia vigentes. Dentro del quinto día de haberse oído la prueba el juez resolverá sobre la paternidad y de resultar probada ésta, levantará un acta al efecto y dictará la resolución correspondiente fijando, además, la cuantía que por concepto de alimentos deberá proveerle al hijo.

"(d) Luego de los procedimientos preliminares que se establecen en los dos incisos anteriores, el caso continuará ventilándose a base de las alegaciones de abandono y el fallo recaerá sobre este extremo. El Tribunal tendrá discreción para suspender los efectos de la sentencia si lo creyere necesario para el bienestar del menor. Del fallo adverso sobre paternidad y sobre abandono el acusado podrá apelar en un solo acto. Las vistas sobre estos casos tendrán preferencia en los calendarios de los Tribunales de Apelación.

"(e) La apelación para ante el Tribunal Superior de cualquier sentencia u orden dictada bajo este artículo, no suspenderá los efectos de la resolución ordenando el pago de alimentos; Disponiéndose, que en tal caso de apelación el acusado vendrá obligado a depositar en la Secretaría de la Sala del Tribunal Superior para ante el cual se haya apelado las cuantías fijadas por concepto de alimentos, pero no se dispondrá de éstas hasta que recaiga el fallo en dicha Sala. Si el acusado dejare de cumplir con la consignación dispuesta, el Tribunal desestimará la apelación.

"(f) Cuando fuere firme la sentencia, el Tribunal dictará orden acompañada de copia certificada del acta de aceptación de la paternidad o de la determinación de paternidad hecha por el juez, dirigida al encargado del Registro Demográfico, para que proceda a inscribir al menor como hijo del acusado con todos los demás detalles requeridos por el acta de nacimiento, para todos los efectos.

"(g) En todas las acciones por infracciones a este Artículo, incluso en las vistas sobre incumplimiento de la orden de alimentar, el interés público estará representado por un fiscal de distrito, su auxiliar o cualquier fiscal especial designado por el Secretario de Justicia, su auxiliar,

efecto, e inmediatamente celebrará un juicio en el cual se seguirán las reglas para la presentación de evidencia vigentes. Dentro del quinto día de haberse oído la prueba el Juez resolverá sobre la paternidad y de resultar probada ésta, levantará un acta al efecto y dictará la resolución correspondiente fijando, además, la cuantía que por concepto de alimentos deberá proveerle al hijo." El apartado (d) dispone que luego de estos procedimientos preliminares el caso continuará ventilándose a base de las alegaciones de abandono y el fallo recaerá sobre este extremo. Dicho apartado concede discreción al tribunal para suspender los efectos de la sentencia y además provee para la apelación del fallo adverso sobre la paternidad y el abandono para ante el Tribunal Superior.

La contención del peticionario es que la acción filiatoria establecida por el Código Civil provee medidas procesales más ventajosas para el demandado, tales como los medios establecidos por las Reglas de Procedimiento Civil para el descubrimiento de pruebas, los cuales son inaplicables en la acción penal y que pudiendo la parte promovente escoger la que más le convenga, al traerse la acción penal bajo el Art. 263 del Código Penal, se le priva de su derecho a la igualdad con otros ciudadanos que se defiendan al amparo del Código Civil.

■ La diferencia que pueda existir entre uno y otro procedimiento, no viola la Sec. 7 del Art. II de nuestra Constitución preceptiva de que no se negará a persona alguna en Puerto Rico la igual protección de las leyes.

■ El procedimiento criminal establecido en el Art. 263 del Código Penal ofrece al acusado todas las garantías del debido proceso en ley. Además de la notificación del cargo,

o un fiscal especial privado designado según dispone la Sección 102 del Título 3 de las Leyes de Puerto Rico Anotadas.

"(h) A los efectos de determinar la paternidad, el Tribunal de Distrito tiene jurisdicción concurrente con el Tribunal Superior de Puerto Rico." (Leyes de Puerto Rico, 1966, págs. 131 a 133.)

tiempo concedido al acusado para contestar la alegación de paternidad, (²) juicio plenario con derecho a contrainterrogar testigos de cargo, presentación de prueba de defensa, derecho a asistencia de abogado, etc., puede el acusado además valerse del procedimiento sobre especificación de particulares, (³) e interrogar o entrevistar los testigos de cargo. (⁴) Todos los padres de hijos menores de edad, no reconocidos, que voluntariamente y sin excusa legal dejaren de cumplir con la obligación que la ley le impone de proveerle alimentos a sus hijos, están sujetos a ser procesados bajo el Art. 263 del Código Penal. La ley se aplica, pues, por igual, a todos los padres que se encuentren en la misma situación del acusado y aquí peticionario. Ya hemos dicho que "todo cuanto requiere la igual protección de las leyes es que no se establezca diferencia en la aplicación de la ley entre personas comprendidas dentro de un mismo grupo; que no se discrimine en favor de unos y en perjuicio de otros. Dicha garantía no contempla un trato igual para todos los acusados de delito público. En el aspecto de procesamiento criminal, simplemente que aquéllos a quienes se les imputa la comisión de determinado delito se les aplique idéntica norma procesal en su enjuiciamiento. [Citas.]" *Pueblo v. Matías Castro*, 90 D.P.R. 528, 531 (1964).

Es cierto que la Sec. 17 del Art. III de la Constitución del Estado Libre Asociado de Puerto Rico, dispone, entre otras cosas, que no se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título, y toda aquella parte de una ley cuyo asunto no haya sido expresado en el título será nula.

---

(²) Este Tribunal ha decidido ya que la paternidad puede ser investigada lo mismo en casos criminales que en casos civiles. *Pueblo v. Rodríguez*, 67 D.P.R. 735 (1947); *Pérez v. Tribunal*, 81 D.P.R. 832 (1960); *Rosaly v. Rullán*, 86 D.P.R. 788 (1962).

(³) Véase *Sierra v. Tribunal*, 81 D.P.R. 554 (1959).

(⁴) *Hoyos Gómez v. Tribunal Superior*, 90 D.P.R. 201 (1964).

El título de la Ley Núm. 10 de 16 de mayo de 1966, lee como sigue:

"Ley para enmendar el artículo 263 del Código Penal y para establecer el procedimiento para su instrumentación."

Esta ley enmienda en su apartado (a) la definición del delito de abandono de menores eliminando la clasificación de los hijos en legítimos, legitimados, natural o ilegítimo reconocido y adoptivo. En los apartados siguientes, y como consecuencia de la referida enmienda, la ley formula el procedimiento a seguirse tanto cuando el padre acusado acepta la paternidad o ésta no está en discusión, como cuando la niega. Es decir, todo cuanto la ley expresa en esas secciones siguientes es la instrumentación en detalle del Art. 263, tal como se indica en el título de la ley. El título de la ley no tiene que ser un índice detallado de su contenido, sino meramente un hito indicador del asunto cubierto por la misma. *Pueblo* v. *Pérez Méndez*, 83 D.P.R. 228 (1961).

■ No se cometió el primer error ni tampoco el segundo. Hay en el récord prueba del abandono. Así lo revela algunas de las cartas escritas por el acusado. Por otro lado, el juez no venía obligado a dar crédito a la prueba de referencia traída por voz del propio acusado en el sentido de que la menor abandonada estaba trabajando y percibía un salario de $35.00 semanales.

Ahora bien, el planteamiento hecho por el peticionario en relación con el matrimonio contraído por la menor abandonada después de resuelto el caso por el Tribunal Superior, deberá reproducirse ante dicho tribunal para que éste resuelva lo procedente.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 4 de diciembre de 1967.*

El Juez Presidente Señor Negrón Fernández no intervino.