Randy Román, demandante y recurrente, *v.* Moses Fattah, demandado y recurrido.

*Número:* R-79-341      *Resuelto:* 19 de marzo de 1980

*M. Martínez Umpierre*, abogado del recurrente; *Juan E. Taboas Santiago*, abogado del recurrido.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

El recurso de autos, por la naturaleza de la controversia que plantea, complementa la doctrina que expusimos hace

apenas un año en *Pol Sella v. Lugo Christian*, 107 D.P.R. 540 (1978), y ambos definen finalmente las relaciones entre la acción criminal por abandono de menores y la acción civil filiatoria. La cuestión a resolver es si una sentencia absolutoria en un caso por violación del Art. 263 del ya derogado Código Penal de 1902 (Art. 158 del vigente, 33 L.P.R.A. sec. 4241) tiene efectos de cosa juzgada sobre una subsiguiente acción filiatoria civil que se entable contra quien fuera acusado y absuelto de la acción criminal. ([1]) Veamos los hechos.

Entre Brunilda Román y el demandado Moses Fattah, se suscitó una amistad que redundó en que por espacio de cuatro años convivieran como marido y mujer. Fruto de tales relaciones Brunilda alumbró una niña que, reconocida por el demandado, lleva el nombre de Diana Fattah Román. Brunilda y Moses separáronse temporeramente pero volvieron luego a establecer convivencia marital, quedando Brunilda embarazada nuevamente. Sin embargo, cuando tenía aproximadamente cuatro meses de embarazo fue abandonada por el demandado quien jamás volvió a convivir con ella.

De ese segundo embarazo y sin que Brunilda en adelante sostuviera relaciones sexuales con ningún otro hombre que no fuera el demandado, el 26 de junio de 1966 nació el demandante Randy Román.

Acusado que fuera Moses Fattah por violar el Art. 263 del Código Penal que entonces regía (Art. 158 del vigente) al no proveer la manutención al joven Randy, fue absuelto según resolución que recayó en 6 de octubre de 1970. Así las cosas, el 9 de noviembre de 1970, Randy representado por su madre con patria potestad, presentó contra Moses Fattah acción civil de filiación ante la Sala de Arecibo del Tribunal Superior.

---

([1]) En *Pol Sella*, supra, resolvimos que no debería relitigarse el hecho de la paternidad cuando ha habido convicción en un proceso criminal previo o se ha rechazado la paternidad por sentencia en el pleito civil. No obstante, expresamente manifestamos que no era necesario resolver allí qué valor concluyente debía dársele en un pleito civil posterior a la absolución de un padre en un pleito criminal previo. Véase D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 1980, pág. 95, Santurce.

Celebrado el juicio y probados los hechos que reseñáramos precedentemente, el Tribunal Superior (E. Ramos Ortiz, J.), al aplicar erróneamente nuestra decisión en *Pol Sella*, supra, sostuvo que la *absolución* de que fue objeto el demandado en la causa criminal tenía efectos de cosa juzgada sobre la acción civil que ahora pendía. Incidió.

■ Conforme reafirmáramos en *Pol Sella* v. *Lugo Christian*, supra, el *quantum* de prueba requerido en el procesamiento criminal por incumplimiento de obligaciones alimenticias es distinto de aquél requerido en la acción civil sobre filiación. *Pueblo* v. *Lugo*, 64 D.P.R. 554, 567 (1945); *López Rivera* v. *Matos*, 101 D.P.R. 740, 752 (1973). En el caso criminal, el hecho de la paternidad tiene que establecerse más allá de duda razonable antes de que proceda una convicción; en la acción filiatoria civil basta con establecer la paternidad por preponderancia de la prueba. Regla 10(F) de Evidencia de 1979. Véase A. R. Calderón, Jr., *La Filiación en Puerto Rico*, 1978, pág. 161, San Juan. Esta diferencia es fundamental e impide, sobre cualquier otra consideración, que entre ambas acciones pueda operar plena y recíprocamente el concepto de cosa juzgada. Cuando, como en el caso de autos, la absolución en el proceso criminal obedece a que no se determinó que el acusado es padre del menor supuestamente abandonado, esa absolución sólo indica que la prueba del Pueblo no era suficiente como para establecer el hecho de la paternidad más allá de duda razonable, pero bajo ningún concepto implica que esa prueba no ha de ser suficiente para establecer ese mismo hecho por preponderancia de la prueba que, como sabemos, es un estándar menos riguroso.

■ La lógica que sostuvo nuestra decisión en *Pol Sella*, supra, apoya decisivamente la solución que proclamamos hoy. Es evidente que cuando media una determinación de culpabilidad en el caso criminal o cuando se ha rechazado la paternidad en una acción civil, debe concluirse toda disputa sobre paternidad habiéndose satisfecho el peso de la prueba en las circunstancias más favorables a la parte que intenta

insistir en la controversia. Dicho de otra forma, el acusado a quien se le demostró la paternidad más allá de duda razonable, no puede controvertir nuevamente el hecho en un pleito donde sólo se requerirá demostrar dicha paternidad por preponderancia de la prueba. De igual modo un demandante cuya prueba no pudo preponderar sobre la contraria para establecer la paternidad difícilmente podría establecerla más allá de duda razonable.

Más aún, el propósito justiciero que animó al legislador a establecer en el Código Penal un procedimiento rápido y económico para la determinación de paternidad, no puede servir de base para tender una trampa a los menores abandonados cuyos padres niegan su paternidad, frustrando para siempre sus derechos filiales sólo por la circunstancia infortunada de que la prueba que los liga a su progenitor no es lo suficientemente fuerte como para alcanzar el grado que se requiere en el procedimiento criminal. Ningún fundamento ha señalado el recurrido que pueda sostener tan severo resultado. Véase *Pueblo* v. *Vélez Vélez,* 97 D.P.R. 123 (1969).

*A tenor con los fundamentos expuestos se expide el auto de revisión solicitado y se dictará sentencia revocando la recurrida y estimando la demanda. El Tribunal Superior podrá proceder con cualquier trámite posterior no inconsistente con cuanto aquí hemos expresado.*

El Juez Asociado Señor Rigau se inhibió.