*548 TEXTO COMPLETO DE LA SENTENCIA
I
En el presente recurso se plantea la importante controversia en torno a si el nuevo Código Penal de Puerto Rico, que entró en vigor el 1ro de mayo de 2005, aplica de manera retroactiva a casos criminales cuyos hechos ocurrieron antes de la vigencia del Código.
Por hechos ocurridos en Ponce el 7 de octubre de 2004, el recurrido Gerardo Velázquez Figueroa fue acusado ante el Tribunal de Primera Instancia, Sala Superior de Ponce, por los delitos de tentativa de apropiación ilegal agravada, 33 L.P.R.A. sees. 3121 y 4272 y daño agravado, 33 L.P.R.A. see. 4286.
Para la fecha de los hechos, el delito de apropiación ilegal agravada estaba gobernado por el Art. 166 del Código Penal de 1974. Según dicho precepto, el delito en cuestión se configura, entre otras circunstancias, cuando la persona se apropia de bienes cuyo valor es de $200 o más, 33 L.P.R.A. see. 4272.
La penalidad dispuesta para este delito por el Código Penal de 1974 era de 10 años de prisión, la que podía ser aumentada a 12 años de prisión, de concurrir circunstancias agravantes o disminuida a 6 años de prisión, de existir atenuantes. 33 L.P.R.A. see. 4272.
Tratándose de un delito en grado de tentativa, la pena para el mismo se reducía a la mitad, conforme a lo dispuesto por el Art. 27 del Código Penal de 1974, 33 L.P.R.A. see. 3122.
Por su parte, el delito de daño agravado estaba tipificado por el Art. 180 del Código Penal de 1974. Dicho precepto disponía que el delito se configuraba, entre otros casos, cuando una persona destruyere bienes con un valor de $500 o más. 33 L.P.R.A. see. 4286. El Código Penal de 1974 establecía una pena fija para este delito de 3 años de prisión, que podía ser aumentada a 5 años, en casos de circunstancias agravantes o reducida a 2 años, con circunstancias atenuantes. 33 L.P.R.A. see. 4286.
Al recurrido se le imputó haber intentado apropiarse del radio de un vehículo marca Toyota Echo de 2004. Dicho radio estaba valorado en $315.00. También se alegó que para intentar apropiarse del radio había roto el cristal del chofer del automóvil, y había roto la base del radio y averiado el mismo. Dichos daños fueron valorados en la suma de $548.00.
El 1ro de mayo de 2005, mientras se hallaba pendiente el pronunciamiento de sentencia en contra del recurrido, comenzó a regir el nuevo Código Penal de Puerto Rico, Ley Núm. 149 de 18 de junio de 2004.
Dicho Código, en su Artículo 193, modifica el delito de apropiación ilegal agravada, aclarando que el mismo se comete cuando el valor de los bienes apropiados es de $1,000.00 o más. El Art. 193 del nuevo Código dispone que si el valor de los bienes apropiados es mayor de $500, pero menor de $1,000, la persona incurrirá en un delito *549 grave de cuarto grado, según la clasificación introducida en el Art. 16 del nuevo Código, conllevando una pena de reclusión entre seis meses un día y tres años. Cuando el valor de los bienes apropiados es menor de dicha suma, el delito que se configura es el de apropiación ilegal, tipificado por el Art. 192 del nuevo Código, el que constituye un delito menos grave, que conlleva una multa individualizada de hasta $5,000 ó 90 días de reclusión.
El nuevo Código, en su Artículo 36, mantuvo que la pena para la tentativa de un delito grave es la mitad de la pena para el delito consumado.
El nuevo Código, en su Art. 208, modificó el delito de daño agravado, estableciendo que el mismo se configura cuando el daño causado es de $1,000.00 o más. Cuando el valor de los daños resulta menor a dicha suma, el delito cometido es el de daños, en su modalidad simple, el que se encuentra tipificado por el Art. 207 del nuevo Código. Este también es un delito menos grave que conlleva una pena de multa individualizada de hasta $5,000 ó 90 días de reclusión.
Conforme se desprende de lo anterior, las penas dispuestas bajo el nuevo Código Penal para la conducta cometida por el recurrido resulta ser sustancialmente menor que las penalidades dispuestas por los Arts. 166 y 180 del Código Penal de 1974.
El 6 de mayo de 2005, se celebró la vista en sus méritos de los cargos contra el recurrido. En ese momento, el recurrido informó que habría de hacer una alegación de culpabilidad y solicitó que se le aplicaran las disposiciones del nuevo Código Penal, las que resultaban ser más favorables. El Ministerio Público se opuso, alegando que el Código no aplicaba retroactivamente a hechos cometidos antes de su vigencia.
Luego de examinar al recurrido, el Tribunal de Primera Instancia aceptó la alegación de culpabilidad y sentenció al recurrido a penas consecutivas 90 días de cárcel en cada caso, aplicando al recurrido las disposiciones ' riel nuevo Código Penal.
El Ministerio Público solicitó reconsideración de dicho dictamen, la que fue denegada por el Tribunal de Primera Instancia mediante resolución del 7 de junio de 2005.
Insatisfecho con dicha determinación, el Procurador General acudió ante este Tribunal.
Mediante resolución emitida el 10 de agosto de 2005, acogimos el recurso y concedimos término al recurrido para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la resolución ' recurrida.
El recurrido ha comparecido por escrito.
Procedemos según lo intimado.
II
En su recurso, el Procurador General plantea que el Tribunal de Primera Instancia erró al aplicar retroactivamente las disposiciones del nuevo Código Penal al recurrido.
La norma general, según se conoce, es que las leyes no se aplican retroactivamente, salvo cuando así lo dispone expresamente la Asamblea Legislativa. Vargas v. Adm. Sist. Ret. Emp. E.L.A., 159 D.P.R. _ (2003), 2003 J.T.S. 56, a las págs. 866-867; Nieves Cruz v. U.P.R., 151 D.P.R. 150, 157-158 (2000); R. Elfren Bernier y José A. Cuevas Segarra, Aprobación e Interpretación de las Leyes en Puerto Rico, 2da edición, Publicaciones J.T.S., 1987, pág. 391.
*550 Este principio también tiene vigencia en el campo criminal. Véase, Pueblo v. Rexach Benitez, 130 D.P.R. 273, 301 (1992) (“[e]s postulado básico de nuestro ordenamiento penal que la ley aplicable a unos hechos delictivos es aquella vigente al tiempo de cometerse el delito. ”) 
En el caso del nuevo Código Penal, la vigencia de dicho estatuto está expresamente gobernada por el Art. 314 del mismo, que dispone que las disposiciones sustantivas del Código comenzarán a regir el 1ro de mayo de 2005.
Ello quiere decir que para la fecha en que ocurrieron los hechos que dan lugar al proceso contra el recurrido, el nuevo Código no estaba en vigencia.
El Art. 308 del nuevo Código expresamente aclara que:

“La conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho. ”

Si este Código suprime algún delito, no deberá iniciarse el encausamiento, las acciones en trámite deberán sobreseerse, y las sentencias condenatorias deberán declararse nulas y liberar a la persona. El cambio de nombre de un delito no significa que el tipo delictivo ha quedado suprimido.
En el presente caso, los delitos por los que se acusó al recurrido no fueron suprimidos por el nuevo Código Penal, sino que los mismos fueron modificados, aumentándose la cuantía necesaria del valor de los bienes apropiados o destruidos para que se pudieran entender configuradas la modalidades agravadas de los delitos y asignándoles nuevas penas. Véase, Informe de la Comisión de lo Jurídico del Senado del 22 de junio de 2003 sobre el P. de la S. 2302, a la pág. 52 (“Se mantiene el tipo de apropiación ilegal... ”) y pág. 56 (“[s]e actualiza la redacción de[l] delito[] de ... daño agravado... [E]l delito dé daño agravado —Artículo 208— [e]s equivalente al Artículo 180 del Código Penal de Puerto Rico, 1974, vigente,... ”).
No habiéndose suprimido los delitos, la conducta del recurrido está gobernada por los Arts. 166 y 180 del Código Penal de 1974, que era la ley vigente al momento de la comisión de los hechos. Cf., Pueblo v. O'Neill Román, 165 D.P.R. _ (2005), 2005 J.T.S. 113.
El recurrido plantea, sin embargo, que el nuevo Código le aplica retroactivamente a su caso por virtud de lo dispuesto en su Art. 9, que adopta el principio de la aplicación retroactiva de la ley más favorable al imputado de un delito. Dicho precepto dispone:
La Ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada del delito. En consecuencia, se aplican las siguientes normas:

“a. Si la Ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.

b. Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o ala medida de seguridad o al modo de ejecutarlas, se aplicará retroactivamente.

c. Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada de estar recluida o en restricción de libertad. ”

En estos casos, los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.
*551 Este precepto es similar a lo dispuesto por el Art. 4 del derogado Código Penal de 1974, el cual establecía:

“Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.

Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponerse la sentencia, se aplicará siempre la más benigna.

Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al modo de ejecución de la misma se limitará a lo establecido por esa ley.

En los casos de la presente sección, los efectos de la nueva ley operarán de pleno derecho.

33 L.P.R.A. see. 3004; véanse, Pueblo v. Maxon Eng. Servs., 159 D.P.R. _ (2003), 2003 J.T.S. 39; Pueblo v. Villafañe, Contreras, 142 D.P.R. 839 (1997). ”

El recurrido alega que el nuevo Código Penal le favorece, por cuanto establece una penalidad menor para su conducta, por lo que el mismo le debe ser aplicado retroactivamente.
No está claro que el citado Artículo 9 del Código Penal prevalezca sobre lo dispuesto por el Artículo 308 de dicho cuerpo. El Art. 9, en este sentido, constituye un precepto de naturaleza general, que establece una regla sobre la vigencia temporal de las leyes penales, mientras que el Art. 308 persigue gobernar directamente la aplicación retroactiva del nuevo Código Penal, disponiendo expresamente que “la conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho.”
La norma, según se conoce, es que un precepto de carácter especial prevalece sobre otras normas de carácter más general. AI.I.Co. v. Seg. San Miguel, 161 D.P.R. _ (2004), 2004 J.T.S. 58, a la pág. 870; Córdova & Simonpietri v. Crown American, 112 D.P.R. 797, 800 (1982); véase, además, Bernier y Cuevas Segarra, supra, pág. 483.
Al interpretar el Código, debe mantenerse en mente, además, la intención de la Asamblea Legislativa. Pueblo v. Ruiz Martínez, 2003 J.T.S. 53, a la pág. 832; Pueblo v. Ríos Dávila, 143 D.P.R. a la pág. 697.
El historial del nuevo Código refleja, en este sentido, que la presente redacción del Art. 308 fue producto de la preocupación éxpfésáda por la Secretaria dé Justicia én torno'á'quelá áplicación'retroactiva del nuevo Código Penal crearía el escenario “para que se produzcan un sinnúmero de planteamientos de proporciones insospechadas que pudieran afectar detrimentalmente el procesamiento efectivo de las causas en curso y aun de las ya adjudicadas.” Ponencia de la Secretaria de Justicia del 3 de junio de 2003 sobre el P. del S. 2302, pág. 12.
La Asamblea Legislativa acogió dicha preocupación y enmendó el Código para disponer que no tuviera efecto retroactivo, salvo en casos en que expresamente se hubiese suprimido un delito. El Informe del 22 de junio de 2003 de la Comisión de lo Jurídico del Senado aclara que “[IJa intención del legislador es que este Código aplique a delitos cometidos con posterioridad a su vigencia, salvo en cuanto a lo dispuesto ... para el caso en que este Código suprima algún delito.” Informe, pág. 67.
La profesora Dora Nevarez Muñiz, principal asesora de la Asamblea Legislativa en la redacción del nuevo Código, también ha aclarado, refiriéndose al citado Art. 308 de dicho cuerpo legal, que:

“El propósito de este artículo es establecer una cláusula de reserva a los fines de que la conducta realizada con anterioridad a la vigencia de este Código en violación a alguna disposición del Código Penal derogado o 
*552
cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho. ”

Nuevo Código Penal de Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., 2004-2005, a la pág. 389.
El Tribunal Supremo de Puerto Rico ha aclarado, en otro contexto, que “si la Asamblea Legislativa, al derogar una ley penal, desea impedir el procesamiento criminal bajo la misma de todo caso pendiente ante los tribunales a la fecha de la derogación, viene en la obligación de así manifestarlo expresamente; de lo contrario, la derogación de la ley no constituirá impedimento para que los procedimientos judiciales pendientes continúen adelante. ” Pueblo v. Álvarez Torres, 127 D.P.R. a la pág. 839; véase, además, 2 L.P.R.A. sees. 252 y 253.
En el presente caso, el nuevo Código no impide que al recurrido se le apliquen los términos de la ley vigente al momento de la comisión de los hechos. Al contrario, el citado Art. 308 del nuevo Código expresamente requiere que el Código anterior sea el aplicado en estos casos, salvo que se trate de un delito suprimido por la nueva legislación.
Toda vez que, según el citado Art. 308 del nuevo Código Penal, la conducta cometida con anterioridad a la vigencia del nuevo Código se rige por las leyes vigentes al momento del hecho, no corresponde aplicar retroactivamente el nuevo Código al recurrido. Compárese, Pueblo v. Rosso Vázquez, 105 D.P.R. 905, 911 (1977) (declinando aplicar retroactivamente las disposiciones del Código Penal de 1974 a hechos cometidos antes de su vigencia). 
El recurrido plantea que la ley vigente al momento de los hechos lo era el Código Penal de 1974, el que, en su citado Artículo 4, incluia una norma de aplicación retroactiva de cualquier ley penal posteriormente adoptada, que fuese más favorable para un acusado. 33 L.P.R.A. see. 3004.
Al igual que el Art. 9 del nuevo Código Penal, el citado Artículo 4 del Código Penal de 1974 es más bien una norma general sobre la aplicación temporal de las leyes penales. Se trata de una norma de selección temporal de derechos (“choice of law”), que permite determinar cuál, entre dos estatutos penales, es el aplicable a un caso específico.
El artículo disponía que las nuevas leyes penales generalmente no tienen aplicación retroactiva, salvo cuando benefician a un acusado.
Habiéndose determinado en el presente caso, por virtud del Alt. 308 del nuevo Código, que las disposiciones sustantivas del Código Penal de 1974 son aplicables al recurrido, resulta improcedente acudir al Art. 4 de dicho cuerpo para determinar cuál es la ley penal que gobierna la controversia. Dicha referencia conduce a un interminable proceso circular porque al atenderse a las disposiciones del nuevo Código Penal, éste, en su Art. 308, refiere nuevamente al lector a las disposiciones de la ley vigente al momento de los hechos, viz, el Código Penal de 1974.
La norma cuando, como en el presente caso, existe un conflicto entre dos disposiciones es que la ley más reciente prevalece sobre cualquier legislación contraria anterior. Depto. de Hacienda v. T.L.D., 164 D.P.R. _ (2005), 2005 J.T.S. 37, a la pág. 869; Díaz v. Srio. de Hacienda, 114 D.P.R. 865, 874 (1983); véase, además, Bernier y Cuevas Segarra, supra, págs. 319 y 420-421.
En el presente caso, el Art. 308 del nuevo Código Penal es la disposición más reciente, así como la más especial, ya que, según hemos expresado, la misma va dirigida precisamente a aclarar la vigencia temporal del nuevo Código. Dicho precepto prevalece sobre cualquier otro precepto legal que pudiera parecer inconsistente *553 con el mismo, incluyendo el Art. 9 del nuevo Código y el Art. 4 del Código Penal de 1974.
Concluimos que el nuevo Código no se aplica retroactivamente, salvo en los casos de supresión de delitos, lo que no ocurre en la situación de autos.
La actuación de la Asamblea Legislativa de no extender retroactivamente los beneficios del principio de favorabilidad del Art. 9 del nuevo Código Penal no constituye violación alguna a la garantía constitucional a la igual protección de las leyes establecida por la Sección 7 del Art. II de la Constitución de Puerto Rico.
Según hemos visto, la Asamblea Legislativa entendió razonable no aplicar retroactivamente el nuevo Código para evitar “que se produzcan un sinnúmero de planteamientos de proporciones insospechadas que pudieran afectar detrimentalmente el procesamiento efectivo de las causas en curso y aun de las ya adjudicadas.” Ponencia de la Secretaria de Justicia del 3 de junio de 2003 sobre el P. del S. 2302, pág. 12.
Se trata de una justificación razonable para la clasificación. Véanse, Pueblo v. Rivera Morales, 133 D.P.R. 444, 453 (1993); Pueblo v. Rivera Robles, 121 D.P.R. 858, 875-876 (1988).
Uno de los problemas considerados por la Asamblea Legislativa al discutir la adopción del Código Penal lo fue su aplicación a personas que estuvieran cumpliendo condenas por virtud de sentencias finales emitidas por los tribunales. Los incisos (b) y (c) del Art. 9 del nuevo Código Penal, en este sentido, permitirían que una persona condenada mediante sentencia final y firme solicitara la aplicación retroactiva de legislación más benigna.
La norma constitucional, sin embargo, es que la Asamblea Legislativa de Puerto Rico no puede dejar sin efecto, modificar o menoscabar una sentencia final dictada por. un Tribunal con jurisdicción para dictarla. Véase, Colón Cortés v. Pesquera, 150 D.P.R. 724, 755-756 (2000); Misión Ind. P.R. v. J.P., 146 D.P.R. 64 (1998); Torres v. Castillo Alicea, 111 D.P.R. 792, 802 (1981); P.R. Tobacco Corp. v. Buscaglia, Tes., 62 D.P.R. 811, 822 (1944); véanse, además, Plaut v. Spendthrift Farm, Inc., 514 U.S. 211 (1995); United States v. Klein, 13 Wall. (80 U.S.) 128 (1872).
El Tribunal Supremo de los Estados Unidos, máximo intérprete de la Constitución federal, generalmente tampoco aplica de manera retroactiva las nuevas reglas constitucionales en el campo criminal adoptadas por dicho foro a casos ya terminados. Véase, Teague v. Lane, 489 U.S. 288, 310 (1989); Stovall v. Denno, 388 U.S. 293, 297 (1967); Linkletter v. Walker, 381 U.S. 618, 636-640 (1965); véase, además, Raúl Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, Vol. I, Programa de Educación Jurídica Continua de la Universidad Interamericana de Puerto Rico, 1997, pág. 74.
Lo contrario, según ha observado dicho foro, permitiría la reapertura constante de las causas criminales en detrimento de la estabilidad de las instituciones jurídicas. Teague v. Lane, 489 U.S. a la pág. 309; véase además, Mackey v. United States, 401 U.S. 667, 691 (1971) (opinión concurrente del Juez Harlan) ("[n]o one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation").
La aplicación retroactiva del nuevo Código Penal a los miles de confinados de Puerto Rico que cumplen penas impuestas por sentencias que son finales y firmes, posiblemente resultaría contraria a la norma constitucional mencionada.
Debe recordarse que el principio de la aplicación retroactiva de la ley penal más favorable fue desarrollado más bien de jurisdicciones civilistas, algunas de las cuales no necesariamente comparten nuestros principios *554 constitucionales sobre la separación de poderes, y permiten, por lo tanto, la modificación legislativa de sentencias finales. Véase, Antonio Bascuñan Rodríguez, La Aplicación de la Ley Penal Más Favorable, 69 Rev. Jur. U.P.R. 29, 44 (2000) (“Desde 1870, los códigos penales españoles han otorgado preferencia al principio de la favorabilidad por sobre el efecto de la cosa juzgada.”)
En el caso de Puerto Rico, la aplicación retroactiva de la ley penal más favorable a personas ya condenadas resulta problemática, por las razones expuestas anteriormente. Esta dificultad llevó a la Asamblea Legislativa a disponer, en el Art. 308 del nuevo Código, que dicho cuerpo legal no tuviera aplicación retroactiva en ningún caso.
Reconocemos que esta disposición afecta adversamente al recurrido, que podría de otro modo haberse beneficiado de la aplicación del nuevo Código, sin que ello hubiera suscitado dificultades de índole constitucional. Entendemos, no obstante, que la Asamblea Legislativa goza de facultad constitucional para limitar la retroactividad de las leyes de este modo.
Creemos que este tipo de estatuto sólo se halla sujeto a un escrutinio mínimo, por lo que debe presumirse su constitucionalidad. La clasificaciones de este tipo sólo se declaran inválidas cuando son claramente arbitrarias, no exista un interés legítimo del Estado que apoye la misma o no pueda establecerse un nexo racional entre la clasificación impugnada y el interés estatal. Véase, López Rivera v. E.L.A., 164 D.P.R. _ (2005); 2005 J.T.S. 107, a la pág. 1,539; Zachry International v. Tribunal Superior, 104 D.P.R. 267, 277 (1975); compárense, Pueblo v. Rivera Morales, 133 D.P.R. a la pág. 453; Pueblo v. Rivera Robles, 121 D.P.R. a las págs. 875-876.
El Tribunal Supremo de Puerto Rico ha aclarado que la garantía a la igual protección de las leyes no contempla un trato igual para todos los acusados de delito público, sino, meramente, que habrán de ser juzgados mediante una misma norma procesal. Pueblo v. Vélez Vélez, 97 D.P.R. 123, 128 (1969); Pueblo v. Matías Castro, 90 D.P.R. 528, 531 (1964).
En el presente caso, consideramos que la decisión de la Asamblea Legislativa de no conferir efecto retroactivo al nuevo Código Penal es una que responde a una preocupación razonable. La misma constituye un ejercicio legítimo de sus facultades por parte de la Rama Legislativa de Gobierno. No corresponde a los tribunales intervenir con dicha determinación, sino que es nuestro deber poner la misma en vigor.
Por los fundamentos expresados, se expide el auto solicitado y se revoca la sentencia recurrida, en la medida en que la misma aplicó retroactivamente el nuevo Código Penal. Se devolverá el caso al Tribunal de Primera Instancia para que dicho foro proceda a re-sentenciar al recurrido, lo que deberá realizar bajo las disposiciones de los Artículos 166 y 180 del Código Penal de 1974.
Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Hernández Torres disiente por entender que el nuevo Código Penal resulta ser una ley más benigna por lo que debe aplicarse retroactivamente.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones